UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
:
AMERICAN TISSUE, INC., a Chapter 11 bankruptcy :
debtor-in-possession, :
:
:
Plaintiff, :
:
-against- :
:
DONALDSON, LUFKIN & JENRETTE SECURITIES : 03 Civ. 6913 (GEL)
CORPORATION; DLJ MERCHANT BANKING :
PARTNERS, II, L.P.; DLJMB FUNDING II, INC.; DLJ : **OPINION AND ORDER**
MERCHANT BANKING PARTNERS II-A, L.P.; DLJ :
FIRST ESC L.P.; DLJ OFFSHORE PARTNERS II, C.V. :
DLJ EAB PARTNERS, L.P.; DLJ ESC II L.P.; DLJ :
DIVERSIFIED PARTNERS, L.P.; DLJ DIVERSIFIED :
PARTNERS-A, L.P.; DLJ MILLENNIUM PARTNERS, :
L.P.; DLJ MILLENNIUM PARTNERS-A, L.P.; and :
ANDREW RUSH, :
:
:
Defendants. :
:
------------------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      On August 9, 2004, this Court granted in part defendants' motion to dismiss the complaint in this action, dismissing four of the ten claims presented by plaintiff American Tissue, Inc. ("ATI"). In addition to denying the motion to dismiss as to six of the claims presented in the complaint, the Court granted ATI leave to replead two of the dismissed counts, requiring that any amended complaint be filed by August 27, 2004. After seeking and receiving two extensions of time to file the amended complaint, the second of which expired on October 25, 2004, ATI still did not file an amended complaint as directed by the Court, but instead filed the instant "Motion to Expand Scope of Amended Complaint." Only after defendants opposed the motion did ATI finally file its proposed amended complaint, as an attachment to its reply

brief. The parties continued to file various largely irrelevant letters, sur-replies, and supplemental briefs until late April 2005. Having considered these extensive submissions, the Court will deny the motion.

The essential facts and procedural history of this action are set forth in the Court's opinion on defendants' motion to dismiss, American Tissue, Inc. v. Donaldson Lifkin & Jenrette Securities Corp., 351 F. Supp.2d 79 (S.D.N.Y. 2004), to which the reader is referred for background. Essentially, ATI now argues that it has developed new evidence that one of its principals, Nourallah Elghanayan, was innocent of wrongdoing in connection with the various frauds alleged in the complaint. Accordingly, it argues, the presence of an "innocent insider" defeats the application of the rule of Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114 (2d Cir. 1991), which bars a debtor-in-possession from bringing claims on behalf of the bankrupt corporation for misconduct in which the corporation's own management participated. Thus, ATI contends, it should be permitted to replead all of its original allegations, including those dismissed with prejudice by the Court in its earlier opinion.

Substantively, this position represents a startling reversal on the part of ATI. As the Court made clear, its initial application of the Wagoner rule depended not on various accusations filed by governmental agencies against ATI or members of its management, but on the allegations of ATI's own complaint, which demonstrated its wrongful participation in the very acts alleged against the defendants in the dismissed counts. 351 F. Supp.2d at 96-98. Indeed, ATI candidly acknowledges that it has itself accused Elghanayan of fraud in another pending action. (Motion at 2-3.) In any event, contrary to ATI's description of the Court's earlier Opinion, the Court's application of the Wagoner rule rested not on any "estoppel" arising from

that action – indeed, the Court explicitly eschewed reliance on the allegations in that complaint, 351 F. Supp.2d at 96 – but on the very allegations of the complaint in this case, which established that ATI itself "alleges that it participated in, or at a minimum concealed, some of the very acts of fraud for which it now sues DLJ." Id. at 97 (emphasis omitted). Moreover, ATI's present assertion that the Wagoner rule was the basis of the dismissal of its claims mistakes the Court's conclusion, which dismissed ATI's claims in large part for lack of constitutional standing, id. at 90-94, and for various other defects, id. at 98-102.

Procedurally, ATI's motion amounts to an untimely motion for reconsideration of this Court's prior Opinion. ATI essentially argues, for the first time, that the presence of an "innocent insider" defeats application of Wagoner. This is nothing more than an argument against defendants' original motion, which should have been presented in ATI's opposition to the motion to dismiss. ATI did not make this argument, nor did it file a timely motion for reconsideration, which must be made within ten days of the docketing of the order. Local Civ. R. 6.3. Moreover, to succeed on a motion for reconsideration, plaintiffs "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." EEOC v. Federal Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) (internal citations and quotation marks omitted). ATI cannot meet that standard, since it expressly acknowledges that it did not put forward the argument and authority on which it now relies, and that "the relief sought herein constitutes a significant departure from how ATI's initial complaint against DLJ was pled." (Motion at 1.)

Even if ATI's motion were construed as a motion for leave to amend its complaint, it would have to be denied. Although the Court cannot find any rule that clearly requires that a

3

proposed amended complaint be filed with a motion to amend, under the circumstances ATI's failure to attach any proposed amended complaint to its motion was prejudicial to DLJ. The proposed amended complaint was not filed until it was provided with ATI's reply brief on the present motion, when defendants no longer had a proper opportunity to address it, and nearly a month after the last extension of the deadline for filing an amended complaint that had been granted by the Court. In effect, ATI's initial motion sought a ruling from the Court on a hypothetical amended complaint that neither the Court nor defendants had seen.

Substantively, the motion to amend would in any case need to be denied on grounds of futility. ATI cites no binding authority in support of the legal viability of its "innocent insider" theory. While some district courts have indeed endorsed that proposed exception to the Wagoner rule, see e.g., Wechsler v. Squadron, Ellenoff, Plesent & Sheinfeld L.L.P., 212 B.R. 34 (S.D.N.Y. 1997), the Second Circuit has not adopted it. See In re Bennet Funding Group, Inc., 336 F.3d 94, 101 (2d Cir. 2003). Moreover, this Court agrees with the reasoning of those courts that have rejected it, see, e.g., In re CBI Holding Co., 311 B.R. 350, 372 (S.D.N.Y. 2004), at least on facts such as those present here, where plaintiff's own complaint demonstrates its participation in the very fraudulent acts on which it seeks to sue.

Finally, ATI has unduly delayed in filing its motion to amend, to the prejudice of defendants and of the Court. The Court granted leave to amend by a date certain, and twice extended that deadline at plaintiff's request. ATI has *never* filed the amended complaint directed by the Court, and failed to provide its proposed "expanded" amended complaint until nearly a month after expiration of the extended deadline. ATI initially filed a complex, indirect, and difficult to understand complaint, forcing defendants to file a complicated motion to dismiss, and

4

the Court to write a 45-page opinion parsing ATI's claims. Rather than file an amended complaint that attempted to address the defects cited by the Court in certain of the counts stated in the initial complaint, ATI, after significant delay, responded with a proposal to file a completely new complaint, that restated the old claims in a manner that represented a "significant departure" from its original pleading, necessitating another round of briefing. Defendants and the Court cannot be expected to deal with a constantly shifting target, as plaintiff revises and re-revises its claims.

Accordingly, plaintiff's motion is denied in its entirety. The parties are directed to meet and confer concerning a discovery schedule, and to submit to the Court by October 10, 2005, a proposed case management order containing a schedule appropriate for discovery on the remaining claims of ATI's original complaint.

SO ORDERED.

Dated: New York, New York
September 26, 2005

GERARD E. LYNCH
United States District Judge